The Judges pronounced their opinions.
JUDGE TUCKER
(after stating the case) observed: It is the duty of the Sheriff to pursue the directions contained in the execution. The execution commanded him to levy the damages on the goods and chattels of George Glascock, deceased: the forthcoming bond recites an execution as having issued against, and been levied on, the goods and chattels of Catharine Glascock, administratrix of George Glascock. There is a variance, then, between the execution and the forthcoming bond, which is fatal, (d) For the Sheriff might have levied an execution, on the goods and chattels of Catharine 607 Glascock, corresponding *with the description thereof in the forthcoming bond. The judgment therefore appears to me to be erroneous, and it ought to be reversed, and the forthcoming bond quashed.
JUDGE ROANE.
This is a supersedeas to a judgment of the District Court upon a forthcoming bond. The judgment was for 445 dollars and 50 cents, the penalty of the forthcoming bond to be discharged by the payment of 222 dollars 75 cents, with interest from July 31, 1805, till paid, and the costs. The style of the judgment as headed in the record is against Catharine Glascock, administratrix of George Glascock, deceased. The bond on which the judgment was rendered is set out in the record, and states that Catharine Glascock, administratrix of George Glascock, deceased, (with a surety,) is bound to the appellee in the sum of 445 dollars and 50 cents ; and the condition states, that whereas the appellee had sued out of the District Court “a writ of fieri facias against the goods and chattels of Catharine Glascock, administratrix of George Glascock, deceased, for the sum of 211 dollars and 56 cents, together with 10 dollars and 59 cents, for Sheriff’s commissions, and 62 cents for taking this bond, amounting in the whole to 222 dollars and 75 cents, which has been executed by the Sheriff on a negro woman and child, (without saying whose, but the case of Lewis v. Thompson, 2 H. & M. 100, cures that omission,) and the said Catharine Glascock, being desirous of keeping the same in her possession till the day of sale, has tendered security, &c. The bond therefore agrees, with the judgment, both as to the penalty thereof, and the sum by which it is to be discharged.
Several objections, however, are taken to this judgment, by referring to the execution, which it is admitted may be properly looked into, under the decisions of this Court, in reviewing the judgment upon the bond.
In the first place it is said, that the bond shews that the goods taken were the goods of Catherine Glascock, in her own right, and not those held by her administratrix. If this objection were founded in fact, it might be fatal: but I conceive that it is not founded in fact. In the penal part of the bond she binds herself as administratrix of George Glascock, deceased ; and, although the condition states that the execution issued against the goods of Catharine Glascock, yet it does not stop here, but adds, “administratrix of George Glascock, deceased.” This annexation in the condition, taken *242 608 in connection *with the description in the penal part of the bond is satisfactory to shew, that the goods directed by the execution to be taken, were those held by her as administratrix, and not her own proper goods. We need not require technical precision in such cases: it is enough that we can discern from the whole bond, taken together, that the property against which the execution issued, was the property liable thereto. In this case we cannot take them ■to have been Catharine Glascock’s own proper chattels, without rejecting the annexed words “administratrix of George Glascock, deceasedand I consider this as only an irregular mode of describing the goods of the intestate, in the hands of his administratrix: if, therefore, the. case stopped here, I should have no hesitation to affirm the judgment.
But it is objected that this bond is illegal, and the judgment on it erroneous, in having included in the bond the fee of 62 cents for taking the same. I am inclined to think that the act of 1794(a) does not authorize the Sheriff to include in the forthcoming bond, the fee for taking the same, which would probably have been provided for, as well as the commissions, had the Legislature intended it: or, if they so intended, it is a casus omissus in the act. This being a summary proceeding, execution could only be awarded “for the' money or tobacco mentioned in the execution” under the act of 1793,(b) and- for the commissions, (in addition) under the aforesaid act of 1794. It cannot be said that this objection cannot be taken by the appellant, because it is beneficial for her: the same answer existed in case of the commissions, prior to the act of 1794; and yet it was held that the inserting them was erroneous. It might be equally argued in both cases, that it is favourable for a party to give him credit for a sum by including it in the bond, rather than compel it to be paid down.
Again, this whole execution issuing against the goods of the intestate, as I have supposed, as aforesaid, the appellant in her character of administratrix objects that, by the execution, a part thereof, viz. the damages and costs on the appeal, were only leviable upon her proper estate, as appears by the execution. It is not for us in this case, to investigate that execution, in this particular : the judgment and execution is to be taken to be correct; and, being so, a departure from that execution in the respect in question is injurious to the estate of the appellant’s intestate by levying more upon it than the judgment au609 thorized. *It is of no consequence that both rights happen to exist, in this case, in Catharine Glascock solely. The maxim “that, when two rights concur in the same person, they are to be considered as if they existed in different persons,” seems in this case to apply ; and I can give no other judgment in this case than I should if the persons were entirely distinct, or if other persons were associated with Catharine Glascock in her character of administratrix.
Again, the sum for which this judgment is given exceeds, in a small sum, (say 98 cents,) the “sum mentioned in the execution.” I will not decide, at present, whether this single exception of a trifling error in calculation would be sufficient to overturn this judgment; but I am clearly of opinion that these three last objections taken together must have that effect.
JUDGE ELEMING.
It is the unanimous opinion of the Court that the judgment is erroneous and to be reversed ; and it is my opinion that the bond, not pursuing the judgment, must be quashed.
Judgment reversed, and bond quashed.*

 1 Wash. 259, Hubbard v. Taylor; 2 Wash. 189, Downman v. Chinn.

 1 Rev. Code, p. 326.

 Ibid. 298.

Note. In this case, the writ of fieri facias was made a part of the record without any plea or bill of exceptions ; the judgment on the forthcoming bond being by default, on a notice proved by a witness, but not inserted in the record. — Note in Original Edition.